<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ERICK L. YOUNG, | |
|     Plaintiff, | No. 25-01479 (EP) (JRA) |
|     v. | **MEMORANDUM OPINION** |
| H.O. DIBENEDETTO, *et al.*, | |
|     Defendants. | |

**PADIN, District Judge.**

*Pro se* Plaintiff Erick L. Young ("Young" or "Plaintiff"), a state prisoner incarcerated at South Woods State Prison ("SWSP"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against Hearing Officer DiBenedetto ("DiBenedetto"), SWSP Administrator Anthony Degner ("Degner"), an unidentified New Jersey Department of Corrections ("NJDOC") Commissioner, and an unidentified ADA Coordinator (collectively, "Defendants"). D.E. 1 ("Complaint" or "Compl."). Plaintiff challenges the operation of the NJDOC's Drug Diversion Program ("DDP"), alleging that inmates assigned to the program do not receive meaningful substance-abuse treatment despite the program's stated rehabilitative purpose. Compl. at 7–8. Plaintiff alleges violations of the Eighth Amendment, the Fourteenth Amendment, the Americans with Disabilities Act ("ADA"), and state law. *Id*. at 4–5.

Plaintiff submitted a certified six-month prison account statement demonstrating his financial eligibility to proceed without prepayment of the filing fee. D.Es. 1-1 & 1-2. Accordingly, the Court will **GRANT** Plaintiff's application to proceed *in forma pauperis* ("IFP"). Because Plaintiff proceeds IFP, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons set forth below, the Court will **DISMISS** the Complaint in part *with prejudice* and in part *without prejudice* and grant Plaintiff leave to amend.

I.    **BACKGROUND**

Plaintiff is presently incarcerated at SWSP. Compl. at 7. Construed liberally, the Complaint alleges that Plaintiff suffers from substance-abuse issues and was assigned to the NJDOC Drug Diversion Program following a disciplinary infraction related to intoxication or drug use. *Id*. at 7–8.

According to Plaintiff, the DDP is intended to function as a rehabilitative alternative to traditional disciplinary sanctions for inmates struggling with addiction. *Id*. Plaintiff alleges, however, that the program does not provide meaningful addiction treatment or rehabilitative services to participating inmates. *Id*.

Specifically, Plaintiff contends that inmates assigned to DDP remain confined to their cells for most of the day and receive only limited out-of-cell time for activities such as showers, telephone access, and kiosk use. *Id*. Plaintiff further alleges that DDP participants are not provided counseling, therapy, educational programming, group sessions, classes, study hall, or other services directed toward treating substance-abuse disorders. *Id*. Construed liberally, the Complaint alleges that the DDP functions primarily as a punitive housing assignment rather than a treatment-oriented diversionary program. *Id*.

Plaintiff further alleges that, because inmates assigned to DDP purportedly receive no meaningful addiction treatment, inmates suffering from substance-abuse disorders repeatedly cycle through disciplinary sanctions without receiving adequate rehabilitative assistance. *Id*. at 7–8. Plaintiff contends that Defendants were aware of these alleged conditions and nevertheless continued to operate or oversee the program in its present form. *Id*. at 4–8.

2

Based on these allegations, Plaintiff asserts violations of the Eighth Amendment, the Fourteenth Amendment, the Americans with Disabilities Act ("ADA"), and state law. *Id*. at 4–5. Plaintiff seeks monetary damages and injunctive relief, including termination or modification of the DDP. *Id*. at 8–9.

## II.    LEGAL STANDARD

District courts must review complaints filed by litigants proceeding *in forma pauperis* and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The legal standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). The Court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether the complaint contains sufficient factual matter to state a plausible claim for relief. *See Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).

Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally. E*rickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.   DISCUSSION

As an initial matter, the Court notes that Plaintiff's allegations closely track those asserted in *Jones v. DiBenedetto*, No. 24-11182, 2025 WL 1040387 (D.N.J. Apr. 8, 2025). There, another SWSP inmate challenged the same Drug Diversion Program, named many of the same defendants, and alleged that the DDP failed to provide meaningful treatment for substance-abuse disorders. *Id*. at *1–5.

3

The plaintiff in *Jones* alleged that inmates assigned to DDP were confined for most of the day and received no counseling, educational programming, or addiction treatment. *Id.* at *1–2. He asserted that the program functioned as a revolving door for inmates suffering from addiction because it failed to address the underlying causes of substance abuse. *Id.*

The Court concluded that those allegations failed to state viable claims under the Eighth Amendment, Fourteenth Amendment, ADA, and New Jersey Civil Rights Act. *Id.* at *3–7. Although the Court recognized that substance-abuse disorder may constitute a serious medical need, the Court determined that the plaintiff failed to allege deliberate indifference because he did not plead that any defendant denied a request for treatment or otherwise knowingly disregarded a serious medical need. *Id.* at *5.

The allegations here are materially indistinguishable from those this Court considered in *Jones*. Accordingly, the Court applies the reasoning of *Jones* to Plaintiff's claims below.

**A.    Plaintiff May Not Proceed on Behalf of Other Inmates**

Although the Complaint contains allegations concerning the operation of the DDP generally and its effects on other inmates, Plaintiff may prosecute only his own claims. A *pro se* prisoner may not adequately represent the interests of other inmates in a class action proceeding. *See Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993).

Accordingly, the Court construes the Complaint as asserting only Plaintiff's individual claims.

**B.    Section 1983 Claims Against State Entities**

To the extent Plaintiff seeks relief against the NJDOC or any NJDOC program, such claims are barred by the Eleventh Amendment.

4

The NJDOC is an arm of the State of New Jersey and is therefore immune from suit under § 1983 in federal court absent waiver. *See Fox v. Bayside State Prison*, 726 F. App'x 865, 867–68 (3d Cir. 2018). New Jersey has not waived its sovereign immunity for § 1983 claims.

Accordingly, any § 1983 claims asserted against the NJDOC or any NJDOC subdivision or program are **DISMISSED** *with prejudice*.

### C.    Plaintiff Fails to State an Eighth Amendment Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must allege each defendant's personal involvement in the alleged constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020).

Further, liability under § 1983 cannot be predicated solely upon a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A supervisor may be liable under § 1983 only if the plaintiff plausibly alleges that the supervisor either: "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or personally participated in, directed, or knowingly acquiesced in the alleged constitutional violation. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To state such a claim, a plaintiff must plausibly allege both: (1) a serious medical need; and (2) deliberate indifference by prison officials to that need. *Id.* Deliberate indifference is a subjective standard requiring facts showing that a defendant knew of and disregarded an excessive risk to inmate health

5

or safety. *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023). Mere negligence, disagreement regarding medical treatment, or dissatisfaction with prison programming does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 106.

Construing the Complaint liberally, Plaintiff plausibly alleges that he suffers from substance-abuse issues that may constitute a serious medical need. *See* Compl. at 7–8. Plaintiff alleges that the DDP fails to provide meaningful addiction treatment and instead operates primarily as a punitive housing assignment in which inmates remain confined to their cells for most of the day without counseling, therapy, classes, or rehabilitative programming. *Id.*

Even assuming those allegations to be true, however, the Complaint does not plausibly allege deliberate indifference by any defendant. Plaintiff principally challenges the overall structure, effectiveness, and operation of the DDP. *Id.* But the Complaint does not allege that Plaintiff requested addiction treatment from any named Defendant and was denied such treatment, that any defendant intentionally refused to provide necessary medical care, or that any Defendant knowingly disregarded a substantial risk to Plaintiff's health. *See id.* Nor does the Complaint allege facts plausibly demonstrating that any defendant prevented Plaintiff from accessing available treatment or otherwise interfered with medical care.

Rather, Plaintiff alleges that the DDP does not provide the type or level of rehabilitative programming he believes inmates suffering from addiction should receive. Although Plaintiff plainly disagrees with the adequacy and design of the program, "the Eighth Amendment … does not guarantee prisoners access to a specific treatment program." *Jones*, 2025 WL 1040387, at *5 (citing *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981)). Indeed, courts have recognized that the Constitution does not require prisons to establish a

particular rehabilitative or addiction-treatment program merely because an inmate suffers from substance-abuse issues. *See Pace*, 479 F. Supp. at 458.

Moreover, Plaintiff's allegations concerning the DDP's purported deficiencies are generalized in nature and are directed primarily at the overall structure and operation of the program, rather than at any specific conduct attributable to a particular Defendant. The Complaint does not set forth facts demonstrating how Hearing Officer DiBenedetto, Administrator Degner, the unidentified NJDOC Commissioner, or the unidentified ADA Coordinator personally participated in denying Plaintiff medical care or knowingly acquiesced in unconstitutional conduct. *See Saisi*, 822 F. App'x at 48.

Accordingly, even accepting Plaintiff's allegations as true and construing them liberally, the Complaint fails to plausibly allege deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff's Eighth Amendment claims will therefore be **DISMISSED** *without prejudice*.

### D.    Plaintiff Fails to State a Fourteenth Amendment Claim

Plaintiff also alleges violations of the Due Process Clause of the Fourteenth Amendment. Compl. at 4–5. Construed liberally, Plaintiff appears to allege that Defendants violated his constitutional rights by assigning him to, or maintaining him within, a Drug Diversion Program that allegedly fails to provide meaningful rehabilitative treatment. *Id*. at 7–8.

However, where a prisoner challenges the adequacy of medical care or treatment provided during incarceration, the claim is properly analyzed under the Eighth Amendment rather than the Fourteenth Amendment's substantive due process principles. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Courts therefore decline to analyze such claims separately under the Fourteenth Amendment where "a particular Amendment provides an explicit

7

textual source of constitutional protection" governing the challenged conduct. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (citation omitted).

Here, Plaintiff's allegations concern the alleged failure to provide adequate addiction treatment and rehabilitative programming while incarcerated. Because those allegations are governed by the Eighth Amendment's deliberate-indifference framework, Plaintiff cannot maintain a duplicative substantive due process claim arising from the same conduct. *See Natale*, 318 F.3d at 581.

Moreover, to the extent Plaintiff intends to assert a procedural due process claim, the Complaint fails to plausibly allege deprivation of a protected liberty or property interest. "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995). Prison conditions implicate a protected liberty interest only where they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

Plaintiff alleges that inmates assigned to DDP remain confined to their cells for much of the day and receive limited out-of-cell time. Compl. at 7–8. But Plaintiff does not allege facts plausibly demonstrating that his placement in DDP imposed an atypical and significant hardship sufficient to trigger procedural due process protections. Nor does Plaintiff allege that he was deprived of notice, an opportunity to be heard, or other procedural protections in connection with the disciplinary sanction that resulted in his placement in DDP. *See generally id*.

Further, inmates do not possess a constitutional right to incarceration in a particular housing assignment, rehabilitative program, or treatment regimen. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Plaintiff's dissatisfaction with the structure or effectiveness of the DDP therefore does not, standing alone, establish a due process violation.

Accordingly, Plaintiff fails to plausibly allege a violation of the Fourteenth Amendment, and those claims will be **DISMISSED** *without prejudice*.

### E.    Plaintiff Fails to State an ADA Claim

The Court next construes the Complaint as asserting a claim under Title II of the Americans with Disabilities Act ("ADA").  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity[.]" 42 U.S.C. § 12132.  State prisons fall within the ADA's definition of a public entity.  *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

To state a claim under Title II, a plaintiff must allege that: "(1) he is a qualified individual (2) with a disability; (3) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Haberle v. Troxell*, 885 F.3d 170, 178–79 (3d Cir. 2018).

Construing the Complaint liberally, Plaintiff appears to allege that he suffers from substance-abuse issues that may qualify as a disability within the meaning of the ADA.  *See* Compl. at 7–8.  Even assuming Plaintiff sufficiently alleges a qualifying disability, however, the Complaint nevertheless fails to plausibly state a Title II claim.

Plaintiff does not allege that he was excluded from participating in the DDP or denied access to prison services because of his alleged disability.  To the contrary, Plaintiff alleges that he was placed into the DDP itself.  *Id*. at 7.  Plaintiff's allegations instead challenge the adequacy and effectiveness of the treatment and rehabilitative programming allegedly provided through the

DDP.  Specifically, Plaintiff contends that the program fails to offer counseling, therapy, classes, or meaningful addiction treatment services.  *Id.* at 7–8.

Such allegations are insufficient to state a claim under the ADA.  As courts have recognized, "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled on other grounds as recognized by Horton v. City of Santa Maria*, 915 F.3d 592, 599–600 (9th Cir. 2019).  Consistent with that principle, the Third Circuit has held that allegations of denied medical treatment for a disability, absent exclusion from a program or service on the basis of disability, are not encompassed by the ADA's prohibitions.  *See Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006).  Accordingly, the ADA does not provide a remedy for claims challenging the quality, effectiveness, or adequacy of medical care or rehabilitative treatment.  *See id.*; *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.")

Here, Plaintiff does not allege facts plausibly demonstrating that Defendants discriminated against him because of a disability or denied him access to prison programs or services on that basis.  Rather, Plaintiff alleges that the DDP itself is ineffective and fails to provide the level of addiction treatment he believes inmates should receive.  Compl. at 7–8.  Those allegations concern the adequacy of prison treatment and programming, not disability-based discrimination prohibited by the ADA.

Accordingly, Plaintiff fails to plausibly state a claim under Title II of the ADA, and the ADA claim will be **DISMISSED** *without prejudice*.

### F.    State Law Claims

Plaintiff references state law but does not identify any specific state-law cause of action. Nor does Plaintiff invoke, or seek to invoke, this Court's supplemental jurisdiction under 28 U.S.C.

10

§ 1367 with respect to any purported state-law claim.  To the extent Plaintiff intends to assert claims under the New Jersey Civil Rights Act ("NJCRA"), those claims are analyzed analogously to § 1983 claims and rise or fall with the federal constitutional claims asserted herein.

Because Plaintiff has failed to state a viable constitutional claim, any parallel NJCRA claims will likewise be **DISMISSED** *without prejudice*.

> **G.    The Court Will Grant Leave to Amend to Cure the Claims Dismissed Without Prejudice**

Generally, when a court dismisses a complaint under 28 U.S.C. § 1915(e)(2)(B), it should grant leave to amend unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  At this stage, the Court cannot conclude that amendment would necessarily be futile, as Young may be able to allege facts sufficient to cure the deficiencies identified herein.  Accordingly, Plaintiff will be granted leave to file a proposed amended complaint within **45 days** of the accompanying Order.  Any proposed amended complaint must clearly identify the actions taken by each Defendant, explain how each Defendant personally participated in the alleged violation, and set forth facts supporting each claim asserted. The proposed amended complaint will be subject to review under 28 U.S.C. § 1915(e)(2)(B) before service.  Failure to submit a proposed amended complaint within **45 days** may result in dismissal of this action with prejudice without further notice.

## IV.    CONCLUSION

For the foregoing reasons, the Court: (1) **GRANTS** Plaintiff's application to proceed *in forma pauperis*; (2) **DISMISSES** *with prejudice* any § 1983 claims against the NJDOC and any NJDOC program or subdivision thereof; (3) **DISMISSES** *without prejudice* Plaintiff's Eighth Amendment, Fourteenth Amendment, ADA, NJCRA, and other state-law claims; and (4) **GRANTS** Plaintiff leave to file an amended complaint within **45 days**.

An appropriate Order accompanies this Opinion.


Dated: June 8, 2026


_____
Evelyn Padin, U.S.D.J.